### PITTSFIELD AND NORTH ADAMS RAILROAD CORPORATION, Petitioners, *vs.* SARAH FOSTER.

Where proceedings for the assessment, by a jury, of damages for land taken by a railroad corporation, are conducted in part by a coroner, under the Rev. Sts. c. 24, § 23, and in part by the sheriff, it is the duty of each of those officers to certify the proceedings which take place before him; and, in such a case, where the coroner presides, it is no objection to the verdict, that the jury are not attended by a deputy sheriff.

In this case, which was a proceeding under the authority of the county commissioners for the county of Berkshire, for

the assessment by a jury of the damages sustained by the respondent, for land belonging to her which had been taken by the petitioners for the purposes of their road, it appeared, that the warrant was directed to the sheriff of the county of Berkshire or his deputy (the sheriff being appointed therein to preside at the trial), and was executed by the sheriff, as to every thing required to be done under and by virtue of the same, previous to the time appointed for the attendance of the jurors; that the sheriff was unable to attend on that day from sickness or some other cause; and that the jury were empanelled, and all the subsequent proceedings under the warrant conducted, by a coroner of the county of Berkshire, by whom the execution of the warrant was duly certified, and the same, together with the verdict of the jury, returned to the court of common pleas.

The petitioners objected to the receiving of the verdict, and moved that it be set aside, on the ground, that the return was made by the coroner, instead of the sheriff or his deputy, and that it did not appear, that the jury were attended either by the sheriff or his deputy. The court overruled the objections, and accepted the verdict; and the petitioners filed exceptions.

*H. W. Bishop*, for the petitioners.

*H. Byington*, for the respondent.

DEWEY, J. The warrant from the county commissioners was directed to the sheriff, and by him the jury were properly summoned. All the proceedings previous to the time when the coroner was called upon to act, by reason of the necessary absence of the sheriff, are properly certified by the latter. The subsequent proceedings, which took place before the coroner, so far as it is the duty of the presiding officer to certify them, and the return on the warrant, are to be certified by the coroner.

It is no valid objection to a verdict of a jury, where the coroner presides at the hearing by the jury, that the jury were not attended by a deputy sheriff. We see no ground for objecting to the acceptance of this verdict.

*Judgment of the common pleas affirmed.*